IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

     Plaintiff,                    No. 2:12-cv-2250 AC P

    vs.

RON BARNES, et al.,

     Defendants.           <u>ORDER</u>

_____/

         Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the magistrate judge. Doc. No. 4.

         Plaintiff was granted thirty days to submit a completed affidavit in support of his request to proceed in forma pauperis by order filed on September 21, 2012 (Doc. No. 5). Plaintiff, by filing dated October 9, 2012 (Doc. No. 6), has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

         Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28

1

U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller,

1  Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain
2  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
3  Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at
4  570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
5  that allows the court to draw the reasonable inference that the defendant is liable for the
6  misconduct alleged."  Id.

7  In reviewing a complaint under this standard, the court must accept as true the
8  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
9  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
10 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
11 1843 (1969).

12 Plaintiff filed his original complaint on August 30, 2012.  Plaintiff then filed an
13 amended complaint on October 9, 2012 (Doc. No. 7).   The court will proceed to screen the first
14 amended complaint.  Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general
15 rule is that an amended complaint supercedes the original complaint and renders it without legal
16 effect... .")

17 The first amended complaint states colorable claims of the use of excessive force
18 in violation of the Eighth Amendment and of retaliation in violation of the First Amendment
19 against defendants Correctional Lieutenant Urquizu; Correctional Officer (CO) Parker; CO
20 Whitker; CO Lanes; and CO Chenoweth, pursuant to 42 U.S.C. § 1983 and 28 U.S.C.
21 § 1915A(b).

22 However, plaintiff also names Acting Warden Ron Barnes as a defendant without
23 linking him to any action allegedly resulting in a deprivation of plaintiff's constitutional rights.

24 The Civil Rights Act under which this action was filed provides as follows:

25 Every person who, under color of [state law] . . . subjects, or
   causes to be subjected, any citizen of the United States . . . to the
26 deprivation of any rights, privileges, or immunities secured by the

3

> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In this instance, plaintiff has made no allegations whatever regarding the warden and he will be dismissed, but plaintiff will be granted leave to amend.

In addition, plaintiff does not frame a claim of inadequate medical care in violation of the Eighth Amendment against defendants Urquizu or Corr. Lt. Albonico by simply alleging that these two prison officials came by his holding cell, asked plaintiff if he needed medical treatment and laughed.  Plaintiff alleges that this inarguably callous behavior occurred after he had been subjected to being punched and kicked by other defendants, but he does not claim that he suffered a serious medical need to which these defendants were deliberately indifferent.

1    In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

> A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada,

290 F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation marks omitted). Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188 (citation omitted). FN4 This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839, 114 S.Ct. 1970. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." McGuckin, 974 F.2d at 1059 (alteration and citation omitted).

> FN4. In a recent case, we recognized that "deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir.2003) (citations omitted); see also Gibson, 290 F.3d at 1197 (acknowledging that a plaintiff may demonstrate that officers "must have known" of a risk of harm by showing the obvious and extreme nature of a detainee's abnormal behavior). []

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. However, mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).

Additionally, mere delay in medical treatment without more is insufficient to state

a claim of deliberate medical indifference. <u>Shapley v. Nevada Bd. of State Prison Com'rs</u>, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. <u>McGuckin</u>, 974 F.2d at 1060, citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and <u>Hudson</u>, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. <u>McGuckin</u>, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." <u>McGuckin</u>, 974 F.2d at 1061.

Because plaintiff does not allege that he suffered a serious medical need to which defendants Urquizu and Albonico were deliberately indifferent, the court will dismiss the claim of inadequate medical care against these defendants. Plaintiff will, however, be granted leave to amend.

Plaintiff may have intended to frame a retaliation claim against defendant Albonico, alleging that Albonico retaliated against plaintiff for filing inmate grievances. Inmates have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights. <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995); <u>Schroeder v. McDonald</u>, 55 F.3d 454, 461 (9th Cir. 1995); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985). The Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First Amendment right. <u>Hines v. Gomez</u>, 108 F.3d 265 (9th Cir. 1997); <u>see also</u> <u>Hines v. Gomez</u>, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to utilize a prison grievance procedure is a constitutionally protected right, cited with approval in <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995)); <u>Graham v. Henderson</u>, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the right to petition government for redress of grievances as guaranteed by the First and Fourteenth Amendments); <u>Jones v. Coughlin</u>, 45 F.3d 677, 679-80

1  (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation for filing
2  prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary
3  actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854 F.2d 584, 589
4  (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of grievances is
5  precisely the sort of oppression that section 1983 is intended to remedy" (alterations and citation
6  omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in retaliation for
7  complaint about food actionable).
8         In order to state a retaliation claim, a plaintiff must plead facts which suggest that
9  retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor
10 behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th
11 Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate
12 correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532).
13 Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d
14 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim,
15 because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810
16 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a
17 prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's
18 constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).
19         Plaintiff has not alleged that defendant Albonico actually wrote him up for a
20 serious rule violation in retaliation for the filing of his prison grievances. Nor does he claim this
21 defendant did anything beyond threatening to plant a weapon on him or in his cell. This is
22 insufficient to proceed on a claim of retaliation against this defendant and he will be dismissed.
23 However, plaintiff is granted leave to amend.
24         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
25 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
26 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original (or prior amended) complaint.  See Lacey, 693 F.3d at 927.  Therefore, in an amended complaint as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Barnes and Albonico are dismissed, as well as is any claim of inadequate medical care against defendant Urquizu, for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  Failure to file an amended complaint will result in dismissal of these defendants and/or claims from this action.

////

////

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: December 7, 2012.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
bont2240.b1