1
2
3
4
5
6
7             IN THE UNITED STATES DISTRICT COURT
8            FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10
11  GREGORY C. BONTEMPS,
12          Plaintiff,                    No. 2:12-cv-2250 AC P
13      vs.
14  RON BARNES, et al.,
15          Defendants.                   ORDER
16  _____/
17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action
18  filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the magistrate
19  judge. ECF No. 4. By order filed December 10, 2012 (ECF No. 9), plaintiff's amended
20  complaint was dismissed with leave to file a second amended complaint. Plaintiff filed a second
21  amended complaint (ECF No. 12) on December 17, 2012. On December 19, 2012, plaintiff filed
22  a document entitled "supplemental complaint filed against" High Desert State Prison (HDSP)
23  Warden Ron Barnes. Filing both an amended and a subsequent separate supplemental pleading,
24  neither of which incorporates all of his claims, violates Local Rule 220. As plaintiff was
25  informed in the court's previous order, L. R. 220 requires that an amended complaint be
26  complete in itself without reference to any prior pleading.

L.R. 220 states in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be . . . filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with.

Plaintiff may not proceed by filing his claims in piecemeal fashion.  Plaintiff will be granted leave to file a third amended complaint.  Should he fail to do so, this action will proceed only as to those defendants against whom plaintiff framed colorable claims in the first amended complaint as determined in the prior court order (ECF No. 9).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Pursuant to L.R. 220, plaintiff must incorporate in any amended filing each claim and the involvement of each defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended (ECF No. 12) and separate supplemental complaints (ECF No. 13) are dismissed as violative of L.R. 220;

2. Plaintiff is granted leave to file a third amended complaint, incorporating all of his claims against each defendant in a single pleading, within twenty-eight days of the date of this order;

3. Should plaintiff fail to file a third amended complaint, this action will proceed on his first amended complaint but only as to those defendants against whom this court has determined (see ECF No. 9) that plaintiff has framed colorable claims.

DATED: March 14, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
bont2250.ord