UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>  Plaintiff,<br><br>  v.<br><br>BARNES, et al.,<br><br>  Defendants. | No. 2:12-cv-02250 WBS AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on August 30, 2012. ECF No. 1. On October 9, 2012, he filed both an in forma pauperis affidavit and a first amended complaint, which superseded the original. ECF Nos. 6, 7. On December 10, 2012, the undersigned granted plaintiff's request to proceed in forma pauperis. ECF No. 9. Certain claims and defendants were dismissed from the first amended complaint but plaintiff was granted leave to file a second amended complaint. ECF No. 9. Plaintiff proceeded to file a putative second amended complaint, but the court found that it did not comply with Local Rule 220. ECF No. 15. The court granted plaintiff leave to file a third amended complaint. Id. When plaintiff failed to do so, the court on April 25, 2013, ordered service of the first amended complaint upon defendants Urquizu, Parker, Whittaker, Lares and Chenoweth. ECF No. 16.

Now pending before the court is defendants' August 6, 2013 motion to revoke plaintiff's

1

in forma pauperis status and to dismiss this action on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g). ECF No. 24. The motion is fully briefed. For the reasons set forth below, the undersigned will recommend that plaintiff's in forma pauperis status be revoked and that he be ordered to pay the filing fee in full at this time or face dismissal of this action.

I.     Motion to Revoke

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden,

1  plaintiff's IFP status should be revoked under § 1915(g).  Id.

2  In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes."  Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal.  This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not."  Id. at 1100 (internal quotation omitted).  "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired."  Id., n.6.

II.   Discussion

Defendants contend in their motion that plaintiff's litigation history shows that he has at least three prior strikes.  Per defendants' request, the undersigned takes judicial notice of the following cases[1]:

1. Bontemps v. Kramer, No. 2:06-cv-2483 JAM GGH (E.D. Cal.).  On November 8, 2006, plaintiff filed a pro se civil rights complaint against correctional staff and, two weeks later, a purported amended complaint.  In his screening order, the Magistrate Judge found that "plaintiff has set forth no factual allegations supporting a claim of a violation of plaintiff's rights . . . and names no individual who has personally subjected him to" unconstitutional conditions.  Id., ECF No. 9 at 4.  As plaintiff failed to state a cognizable claim for relief, his complaints were dismissed with leave to amend.  Id., ECF No. 9 at 6.  On December 22, 2008, the action was dismissed for failure to timely file an amended complaint.  Id., ECF Nos. 12, 14.

2. Bontemps v. Kramer, No. 2:06-cv-2580 GEB GGH (E.D. Cal.).  On November 17, 2006, while the above action was pending, plaintiff filed a pro se civil rights complaint against a correctional officer and a prison warden.  In the screening order, the Magistrate Judge found that plaintiff's allegations were "insufficient" to comply with the notice requirement of Rule 8 of the

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Federal Rules of Civil Procedure; that plaintiff made no allegations at all against the warden; and that plaintiff's "conclusory" allegations against the correctional officer failed to state a constitutional claim. Id., ECF No. 9. As plaintiff failed to state a cognizable claim for relief, his complaint was dismissed with leave to amend. Id. On August 30, 2007, the action was dismissed for failure to timely file an amended complaint. Id., ECF Nos. 11, 12.

       3. Bontemps v. Gray, No. 2:07-cv-0710 MCE CMK (E.D. Cal.). On April 16, 2007, while the above action was pending, plaintiff filed a pro se civil rights complaint challenging prison officials' failure to file a staff complaint submitted by plaintiff. In the screening order, the Magistrate Judge concluded that plaintiff "fails to state a claim under the civil rights act, for there is no constitutional right to a prison grievance process." Id., ECF No. 3 at 3. As plaintiff failed to state a cognizable claim for relief, his complaint was dismissed with leave to amend. Id. On July 5, 2007, when plaintiff failed to timely file an amended complaint, the action was "dismissed for lack of prosecution and failure to comply with court rules and orders." Id., ECF Nos. 6, 7.[2]

"[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim." O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008) (internal citation and quotation marks omitted). The court has evaluated the orders dismissing the three preceding cases[3] and "other relevant information," as prescribed by the Ninth Circuit, and has determined that in each case, while the language of the final orders of dismissal did not precisely so state, the fundamental ground for dismissal was plaintiff's "failure to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Specifically, a dismissal for failure to prosecute an action constitutes a strike when it is based upon the plaintiff's failure to file an amended complaint after the original complaint is dismissed

---

[2] Defendants also show that plaintiff filed thirteen pro se prisoner actions in the Northern District of California in 1994 and 1995, all of which were dismissed before he filed the instant action. ECF No. 24-2, Exhibits F-P; ECF No. Q-R. In four of those cases, the district court denied plaintiff's application to proceed in forma pauperis. Id., Exhibits I, J, L, N.

[3] A fourth case identified by defendants as a "strike" under § 1915(g), Bontemps v. Lee, No. 2:12-cv-0771 KJN P, is inapposite in this context. The fourth amended complaint was dismissed without further leave to amend with the court noting "no potentially cognizable claim against any named defendant . . . ." Id., ECF No. 20 at 4, 6-7. However, the case was not dismissed until January 31, 2013, *after* the filing of the instant action.

for failure to state a claim.  See, e.g., Peralta v. Martel, 2010 WL 2629060, *5 (E.D. Cal. 2010) (dismissal for failure to prosecute without prejudice for failure to file an amended complaint constituted a "strike" under § 1915(g) where it was "clear from the district court's reasoning that failure to state a claim was a fully sufficient condition for dismissing" the complaint).

In his opposition to defendants' motion to revoke his in forma pauperis status, plaintiff does not challenge defendants' contention that he has suffered at least three prior dismissals that constitute strikes.  ECF No. 28.  Instead, he appears to rely on the "imminent danger of serious physical injury exception" of § 1915(g).

The undersigned finds that the three cases discussed above constitute strikes. Accordingly, plaintiff is precluded from proceeding in forma pauperis in this action unless he is under imminent danger of serious physical injury.  See 28 U.S.C. 1915(g); Canell v. Lightner, 143 F.3d 1210, 1212 (9th Cir. 1998).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was under imminent danger at the time of filing the complaint.  See Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007) (recognizing the general consensus among federal courts that "[p]risoners qualify for the [imminent danger] exception based on the alleged conditions at the time the complaint was filed).

Plaintiff's original and first amended (superseding) complaints were filed, respectively, in August and October, 2012.  Both complaints allege that plaintiff was beaten on February 27, 2012, by defendants employed at High Desert State Prison (HDSP).[4]  Plaintiff remains incarcerated at HDSP.  Plaintiff alleges that the assault occurred in the context of threats of violence against him arising from plaintiff's having filed staff complaints.  ECF No. 1 at 3-4; ECF No. 7 at 3-4.  The complaints do not describe any acts of violence or threats of violence between February 27, 2012 and the initiation of this action six months later, however.  Plaintiff does allege that on a subsequent unspecified date, Corr. Lt. Albonico threatened plaintiff that a knife would be planted on him or in his cell should he report the beating.  ECF No. 1 at 4; ECF

---

[4] The court found that the first amended complaint stated colorable claims of the use of excessive force in violation of the Eighth Amendment, and of retaliation in violation of the First Amendment, against defendants Urquizu, Parker, Whittaker, Lares and Chenoweth .  ECF No. 9 at 3.

No. 7 at 4.[5]  In the original complaint, plaintiff details that Albonico stated that the placement of the knife would result in a criminal conviction leading to plaintiff's life imprisonment.  ECF No. 1 at 4.  In the amended complaint, plaintiff asserts in general terms that "[i]t must be stated that these problems are ongoing at High Desert State Prison."  ECF No. 7 at 4.

       In considering application of the "imminent danger" exception, the court must liberally construe the pro se prisoner's allegations and determine whether the complaint plausibly alleges that the prisoner faced "imminent danger of serious physical injury" at the time of filing.  Andrews v. Cervantes, 493 F.3d at 1055.  There is no doubt that a beating like the one alleged to have occurred on February 27, 2012, presents a risk of serious physical injury.  Plaintiff has alleged no facts, however, that suggest he was in imminent danger of another such beating six months later when he filed his complaint or another month after that when he amended the complaint.

       In Andrews, the Ninth Circuit adopted the Eighth Circuit rule requiring the prisoner to allege "an ongoing danger" in order for the exception to apply.  Id. at 1056.  As an example of sufficient allegations, the court discussed Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998), in which plaintiff specifically alleged that prison official engaged in an ongoing pattern of placing him near a group of enemy inmates with a history of causing serious injuries.  The allegations of multiple past assaults and ongoing proximity satisfied the imminent danger exception.  Andrews, 493 F.3d at 1056 (discussing and quoting Ashley, 147 F.3d at 717).  The Andrews court also relied on Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003), which states that the §1915(g) exception applies where there are "specific allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Id.

       In this case, plaintiff has alleged no facts establishing a pattern of misconduct that was ongoing at the time the complaint was filed.  The general assertion that "these problems are ongoing" at HDSP does not establish that plaintiff personally faced an imminent threat of further violence.  The only act of retaliation that is alleged to have occurred after the beating was the

---

[5] Plaintiff states that he reported Lt. Albonico's threat during a March 3, 2012 interview conducted by non-party Lieutenant Sisson.

threat of a false disciplinary charge, which does not involve serious physical injury. Moreover, that threat occurred close in time to the February 2012 beating and months prior to filing. The complaint contains no other information about actions or words of the defendants, or any other relevant circumstances, in the six months between the beating and the filing of the complaint. Even a liberal reading of the complaint cannot transform allegations about a single incident into a pattern of conduct sufficient to demonstrate an imminent danger six months later. Accordingly, the court finds that plaintiff is barred from proceeding in forma pauperis in this action and that his in forma pauperis status should be revoked.

As an alternative to a finding that plaintiff is barred under § 1915(g), defendants request a finding that plaintiff is an "abusive filer."[6] Defendants base this request on the many unsuccessful actions plaintiff has previously filed and the nine cases that defendants have identified as currently pending.[7] Having determined that that plaintiff is barred by the "three strikes" provision of 28 U.S.C. § 1915(g), the court declines to consider this argument.

Defendants also request that the court impose sanctions against plaintiff for his false representations to this court concerning the number of prior lawsuits that he has filed as a prisoner. See Fed. R. Civ. P. 11(c), 41(b). Defendants have not complied with the rules applicable to such a request, which require a separate motion for sanctions preceded by notice to plaintiff that sanctions would be sought unless he modified the allegedly false averment in his pleading.[8] See Fed. R. Civ. P. 11(c)(2). Accordingly, the court will not recommend the imposition of sanctions against plaintiff at this time. Plaintiff is cautioned, however, that future misrepresentation may well subject him to sua sponte sanctions up to and including dismissal. See Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Combs v. Rockwell Intern. Corp., 927 F.2d 486, 488 (9th Cir. 1991).

---

[6] Should defendants seek to have plaintiff be declared a "vexatious litigant," the appropriate procedure should be followed. See, e.g., Andrews v. Guzman, No. 2:04-cv-1107 JAM GGH P (Mar 9, 2009), 2009 WL 604943 (E.D. Cal.).
[7] See ECF, No. 24-1 and appended exhibits.
[8] As defendants note, the first amended complaint states that plaintiff had filed only one prior lawsuit. ECF No. 7 at 1. It appears that the original complaint acknowledged two prior lawsuits. ECF No. 1 at 1.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke in pauperis status, ECF No. 24, be granted on the ground that plaintiff is barred from proceeding in this action under the "three strikes" provision of § 1915(g);

2. Plaintiff be directed to pay the $350 filing fee in full within thirty days of adoption of these findings and recommendations, should that occur;

3. This case be dismissed should plaintiff fail to pay the filing fee within the time prescribed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 14, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE